UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUSTIN MARLETT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KARIN BERKHOLTZ, etc.,<br><br>　　　　　　Defendants. | Case No. C21-787-SKV<br><br>ORDER RE: MOTION FOR ORDER AUTHORIZING SERVICE BY PUBLICATION |

INTRODUCTION

Plaintiff Dustin Marlett filed a Motion for Order Authorizing Service by Publication on Defendant Ric Berkholtz. Dkt. 11. Having considered the motion, supporting declarations, and the remainder of the record, the Court herein GRANTS Plaintiff's motion.

BACKGROUND

On June 10, 2021, Plaintiff filed this action alleging fraud and unjust enrichment by Karin Berkholtz and her son Ric Berkholtz. *See* Dkt. 1. A process server engaged by Plaintiff's counsel successfully served Karin Berkholtz on June 16, 2021, at 3619 Sussex Place, Minnetonka, MN (the "Minnesota Address"), an address provided to counsel by Plaintiff. Dkts. 8-9; Dkt. 11-1, ¶ 7.

Counsel for Plaintiff also engaged a process server in Washington to serve Ric Berkholtz. Through information provided by Plaintiff as a result of his business dealings with Defendants and additional research, counsel learned Mr. Berkholtz attended the University of Washington School of Law in the spring of 2021 and resided in graduate student housing at 3927 Adams Lane NE, Apartment 404, Seattle, Washington 98105 (the "Adams Lane Apartment"). Dkt. 11-1, ¶¶ 3-4. Process server Timofey Samoylenko thereafter unsuccessfully attempted service on Mr. Berkholtz at the Adams Lane Apartment on nine separate occasions between June 14th and July 9th of 2021. Dkt. 11-2, ¶ 2. In his last attempt, Mr. Samoylenko gained access to the apartment, which was dark, quiet, and with no sign of anyone inside, and was told by a neighbor Mr. Berkholtz no longer lived at that address.

An investigation conducted by Mr. Samoylenko revealed the identification of the Minnesota Address and 3902 San Mar Drive NE, Olympia, Washington 98506 (the "Olympia Address") as last known addresses for Mr. Berkholtz. *Id*. Mr. Samoylenko also learned, among other things, that Mr. Berkholtz used the Olympia Address to register to vote in Washington and the most current phone number for Mr. Berkholtz, as of October 2016 and with a Minnesota area code. *Id*. Mr. Samoylenko left a voice mail at the phone number on July 2, 2021 and unsuccessfully attempted service at the Olympia Address four times between June 30th and July 7th of 2021. *Id*. On the last attempt, a resident stated Karin Berkholtz previously rented a room, but that Ric Berkholtz never resided at that address. Dkt. 11-1, ¶ 6; Dkt. 11-2, ¶ 2. Consistent with the resident's report, Plaintiff had informed counsel Ms. Berkholtz resided at the Olympia Address before relocating to Minnesota. Dkt. 11-1, ¶ 6.

On August 11, 2021, counsel for Plaintiff mailed copies of the summons and complaint to Mr. Berkholtz at all three last known addresses. *Id*., ¶ 8. Counsel also obtained an email address

previously used by Plaintiff to correspond with Mr. Berkholtz: ricberk@gmail.com. *Id.*, ¶ 9. Plaintiff now seeks an order authorizing service on Mr. Berkholtz by publication.

## DISCUSSION

A plaintiff may serve an individual by leaving a copy of the summons and complaint with the individual personally, with someone of suitable age and discretion at the individual's home, or with an authorized agent. Fed. R. Civ. P. 4(e)(2). A plaintiff may also effect service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Washington allows for service by publication in certain limited circumstances. *See* RCW § 4.28.100. As relevant to this case, to serve a resident defendant by publication, a plaintiff must mail a copy of the summons and complaint to the defendant's residence and file an affidavit with the Court attesting: (1) the defendant cannot be found in the state; (2) plaintiff mailed a copy of the summons and complaint to defendant's residence; and (3) defendant has either left the state or kept himself or herself concealed to avoid service or defraud creditors. RCW § 4.28.100(2).[1]

Service by publication or mail is "in derogation of the common law" and disallowed when personal service is possible. *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 143, 111 P.3d 271 (2005). Strict compliance with the authorizing statute is required. *Id.* Courts require a

---

[1] *See* RCW 4.28.100(2) ("When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons . . . and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney . . . [] [w]hen the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent[.]")

ORDER RE: MOTION FOR ORDER
AUTHORIZING SERVICE BY PUBLICATION - 3

plaintiff to have made an "honest and reasonable effort" to find a defendant and "reasonably diligent efforts" to effect personal service. *Id*.; *Boes v. Bisiar*, 122 Wn. App. 569, 574-75, 94 P.3d 975 (2004). A plaintiff need not employ *all* conceivable means of personal service before seeking service by publication, but must follow up on information possessed that might reasonably assist in determining the defendant's location. *Carson v. Northstar Dev. Co.*, 62 Wn. App. 310, 316, 814 P.2d 217 (1991).

Conclusory allegations of the statutory factors do not suffice to warrant service by publication. *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn. App. 358, 362, 75 P.3d 1011 (2003). A plaintiff must produce facts supporting the conclusions required by the statute. *Id*. (citations omitted). *Accord Pascua v. Heil*, 126 Wn. App. 520, 527, 108 P.3d 1253 (2005) ("A bare recitation of the statutory factors required to obtain jurisdiction is insufficient; the plaintiff must produce the specific facts which support the conclusions required by [RCW 4.28.100(2)].").

Plaintiff here seeks authorization to effect service by publication. He must, accordingly, produce facts showing (1) his reasonably diligent efforts to personally serve Defendant and (2) that Defendant, with the intent to defraud or avoid service, has either left the state or concealed himself within. *Charboneau Excavating, Inc.*, 118 Wn. App. at 362 (cited cases omitted). *See also Lumico Life Ins. Co. v. Adams*, C20-5515-MLP, 2021 WL 22587, at *3 (W.D. Wash. Jan. 4, 2021) (plaintiff failed to provide facts clearly demonstrating defendant was a Washington resident or departed the state or concealed himself within with the intent to defraud or avoid service and, instead, merely demonstrated it could not locate defendant based on available information; rejecting suggestion service by publication is warranted based on reasonable efforts to locate alone) (citing, *inter alia*, *Pascua*, 108 P.3d at 1259-61 (finding service by publication improperly authorized where plaintiff failed to engage in reasonable efforts to locate defendant

or to establish the evasion requirements), and *Boes*, 94 P.3d at 980 (authorizing service by publication where affidavits showed diligence in attempted service and supported an inference of evasion where defendant left the state during the final ten days remaining under the applicable statute of limitations)); *Canal Ins. Co. v. Mengeste*, C18-1833-RAJ, 2019 WL 2491951, at *2 (W.D. Wash. June 14, 2019) (declaration insufficiently asserted defendant left Washington and returned to Ethiopia with intent to defraud or avoid service, without indicating efforts made to locate and serve in Ethiopia or anything to suggest the return to Ethiopia or any other action was taken with intent to avoid service) (citing *Bruff v. Main*, 87 Wn. App. 609, 943 P.2d 295, 297 (1997) (denying service by publication where affidavits failed to include facts suggesting defendant's conduct was undertaken with required intent)).

Plaintiff provides declarations supporting the conclusion he engaged in reasonably diligent efforts to serve Mr. Berkholtz by repeatedly attempting personal service at Defendant's two last known addresses in Washington and by mailing a copy of the summons and complaint to both those addresses and to another last known address in Minnesota, the latter of which is the current residence of his mother/co-defendant. *See* Dkts. 11-1 & 11-2. The evidence also shows an honest and reasonable effort to find Defendant and diligence through an investigation that included both a thorough search of available databases and public records and a voicemail left at Defendant's most current phone number. *See id*.

The remaining question is whether Plaintiff posits sufficient facts to support the contention Mr. Berkholtz, with the intent to defraud or avoid service, has either left Washington or concealed himself within. Counsel, by declaration, points to facts showing Plaintiff's reliability as a source of information concerning both Defendants, including Plaintiff's identification of Ms. Berkholtz's prior and current residences and his knowledge Mr. Berkholtz

ORDER RE: MOTION FOR ORDER
AUTHORIZING SERVICE BY PUBLICATION - 5

1  recently attended the University of Washington School of Law and resided at the Adams Lane
2  Apartment.  Dkt. 11-1, ¶¶ 3-4, 6-7.  Counsel also points to the fact the summons and complaint
3  have been mailed to all three residences known to be associated with Mr. Berkholtz and the
4  successful service of his mother/co-defendant.  *Id*., ¶¶ 7-8; *see also* Dkt. 11-2, ¶ 2.  Plaintiff
5  argues these facts support an inference Mr. Berkholtz either left Washington or is currently
6  concealing himself within for the purpose of avoiding service or continuing the fraud alleged in
7  this lawsuit.

8         The facts supporting an evasion of service are less compelling than those establishing
9  diligent efforts to investigate and serve.  However, an affidavit or declaration offered in support
10 of a motion for service by publication "must *clearly articulate facts* to meet the required
11 conditions, not *clearly prove intent* to avoid service."  *Boes*, 122 Wn. App. at 577 (citations
12 omitted; emphasis retained).  Nor would proof of such intent necessarily be available.  *See id*.
13 ("Indeed, short of a full fact-finding hearing, a finding on what Mr. Bisiar knew or intended
14 when he left the state is impossible.")

15        In this case, in addition to the mailing of the summons and complaint to all three last
16 known addresses and a voicemail left on the most current phone number, counsel for Plaintiff
17 served Mr. Berkholtz's mother and alleged co-conspirator with process.  As argued by Plaintiff,
18 it can be reasonably assumed Ms. Berkholtz informed her son of the existence of the lawsuit and
19 inferred from all of these facts that Mr. Berkholtz is aware of the lawsuit and avoiding service.
20 The Court, as such, finds the statutory requirements for service by publication satisfied.

21 CONCLUSION

22        For the reasons stated above, Plaintiff's Motion for Order Authorizing Service by
23 Publication on Defendant Ric Berkholtz, Dkt. 11, is GRANTED.  Plaintiff may serve the

1  summons and complaint upon Mr. Berkholtz according to the requirements set forth in RCW

2  4.28.110 (Manner of publication and form of summons), and is herein ORDERED to direct a

3  copy of Plaintiff's motion, this Order, and the summons and complaint to the following email

4  address:  ricberk@gmail.com.  The Clerk is directed to send a copy of this order to Plaintiff.

5  Dated this 14th day of September, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge